T.C. Summary Opinion 2006-48

UNITED STATES TAX COURT

RICHARD A. PAIKOWSKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11529-04S.                    Filed April 3, 2006.

Richard A. Paikowski, pro se.

<u>Frederic J. Fernandez</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code as in effect for the years at issue.  The decision
to be entered is not reviewable by any other court, and this
opinion should not be cited as authority.

Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes for 1999 and 2002:

|  |  | Additions to Tax | |
| --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1999 | $5,788 | $179 | $7.38 |
| 2002 | 6,397 | 1,118 | 142.31 |

The issues for decision are: (1) Whether petitioner filed timely Federal income tax returns for 1999 and 2002, and (2) whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6654(a).

## Background

The stipulated facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Waterford, Wisconsin.

In 1999, petitioner was employed by Jack Safro Toyota, Inc. in car sales and earned wages totaling $39,669. In 2002, petitioner was employed by Andrew Motor Sales, Inc. in car sales and earned wages totaling $44,905.

Petitioner submitted to respondent Forms 1040, U.S. Individual Income Tax Return, for 1999 and 2002. In the income portion of both returns, petitioner entered zeros on all lines. Petitioner reported that he had no taxable income and that no taxes were due. Petitioner claimed a refund of $5,072.17 for 1999 and $1,925.15 for 2002, which represented the full amounts

of Federal income taxes that were withheld from his wages by his employers during those years.

Respondent subsequently issued to petitioner statutory notices of deficiency for 1999 and 2002. Respondent determined that the forms submitted by petitioner do not constitute Federal income tax returns and that the wages earned by petitioner in 1999 and 2002 are income.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 7491(a)(1) provides that if, in any court proceeding, the taxpayer introduces credible evidence with respect to factual issues relevant to ascertaining the taxpayer's liability for a tax, the burden of proof with respect to such factual issues will be placed on the Commissioner. See Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

Petitioner has not raised the issue of section 7491(a)(1), nor has he introduced any credible evidence with respect to the factual issues. Therefore, section 7491(a)(1) does not apply.

## Whether Petitioner Timely Filed His Tax Returns

The majority of courts, including this Court, have held that, generally, a return that contains only zeros is not a valid return. Cabirac v. Commissioner, 120 T.C. 163, 169 (2003). A

return "'which does not contain any information relating to the taxpayer's income from which the tax may be computed is not a return within the meaning of the Internal Revenue Code.'" United States v. Moore, 627 F.2d 830, 834 (7th Cir. 1980) (quoting United States v. Porth, 426 F.2d 519, 523 (10th Cir. 1970)); Sloan v. Commissioner, 102 T.C. 137, 142 (1994). The taxpayer must have an honest and reasonable intent to supply the information required by the tax code for a form to constitute a return. United States v. Moore, supra at 835.

Petitioner, by entering zeros on all lines on the income portion of his returns, did not have an honest and reasonable intent to supply the information required. Therefore, the forms submitted by petitioner for 1999 and 2002 do not constitute Federal income tax returns.

Section 61(a)(1) provides that "gross income means all income from whatever source derived", including "Compensation for services". See Cent. Ill. Pub. Serv. Co. v. United States, 435 U.S. 21, 25 (1978); United States v. Basye, 410 U.S. 441, 449 (1973). Petitioner does not dispute that he earned wages for 1999 and 2002 and that the wages represented compensation for services rendered. See Cabirac v. Commissioner, supra at 167 ("It is beyond contention that wages represent taxable income"). It is a general tax law principle that "full compensation for services rendered--no matter to whom paid, or when--is income

immediately taxable to the person who earned the money." <u>Howell v. United States</u>, 775 F.2d 887, 889 (7th Cir. 1985); see <u>Cent. Ill. Pub. Serv. Co. v. United States</u>, <u>supra</u>. Therefore, petitioner's wages are income.

Petitioner raised at trial typical "tax protester" type arguments. On the basis of well-established law, the Court sees no need to address petitioner's frivolous and groundless arguments. See <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir, 1984).

<u>Additions to Tax Under Sections 6651(a)(1) and 6654(a)</u>

Section 7491(c) imposes the burden of production in any court proceeding on the Commissioner with respect to the liability of any individual for penalties and additions to tax. <u>Higbee v. Commissioner</u>, <u>supra</u> at 446; <u>Trowbridge v. Commissioner</u>, T.C. Memo. 2003-164, affd. 378 F.3d 432 (5th Cir. 2004). In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate. <u>Higbee v. Commissioner</u>, <u>supra.</u>

The burden of proof remains on the petitioner, who must prove that his failure to file was: (1) Due to reasonable cause and (2) not due to willful neglect. Sec. 6651(a); <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>Higbee v. Commissioner</u>, <u>supra</u> at 446-447. A failure to file a Federal income tax return is due

to reasonable cause if the taxpayer exercised ordinary business care and prudence and nevertheless was unable to file the return within the prescribed time. Barkley v. Commissioner, T.C. Memo. 2004-287; sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure or reckless indifference. United States v. Boyle, supra at 245.

Respondent determined additions to tax under section 6651(a)(1) for 1999 and 2002, asserting that petitioner failed to file Federal income tax returns for those years. Respondent has met his burden of production since the "zero returns" filed by the petitioner are not valid returns. The Court finds that petitioner did not have reasonable cause for his failure to file the returns and that he is liable for the additions to tax as respondent determined.

Respondent also determined that petitioner is liable for an addition to tax under section 6654(a) for failure to make timely and sufficient payments for 1999 and 2002 estimated taxes. The section 6654(a) addition to tax is mandatory unless petitioner can place himself within one of the computational exceptions provided by that section. Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Since petitioner has failed to do so, respondent's determination is sustained.

Section 6673(a)(1) provides that the Court is authorized to require a taxpayer to pay to the United States a penalty of up to $25,000 whenever it appears that the taxpayer's position in the proceeding is frivolous and groundless.  While a penalty will not be imposed at this time, the Court cautions petitioner that a penalty may be imposed if he continues to advance the same frivolous and groundless arguments in the future.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.